A. Robinson (G. Glenn Worden, of counsel), for respondent. No opinion. Judgment affirmed, with costs.

GOLDBERG, Appellant, v. CONGREGATION ACUDA ANSHEI, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph Goldberg against the Congregation Acuda Anshei. M. Brown, for appellant. I. Hourwich, for respondent. No opinion. Order reversed, with $10 costs.

GOLDRING, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Morris Goldring against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

GOODRICH, Respondent, v. BRETT, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Henry W. Goodrich against Pierre V. A. Brett. Herbert W. Taylor, for appellant. White & Wing, for respondent.

PER CURIAM. The contract provides, "in the event of defendant being defeated, that he will pay the disbursements incurred by plaintiff, past and future," and, further, that, in the event of success, defendant shall pay plaintiff one-third of the amount recovered by him, not only in the pending suit, which was but for an installment; but one-third of the total amount recovered under the contract. The words "defeated" and "success," as used in the contract, must be held to mean success or defeat in the action, as the action was the subject-matter of the contract. Defendant, it is admitted, succeeded in the action, and, as disbursements were only to be paid by him in the event of defeat, the decision of the learned trial justice was erroneous. Judgment reversed, and new trial ordered, with costs to abide event.

GORSE, Respondent, v. LYNCH, Appellant. (City Court of New York, General Term. May, 1901.) Action by Arthur H. Gorse against Franklin Lynch. Francis B. Chedsey, for appellant. F. De Lysle Smith, for respondent.

CONLAN, J. This is an action to recover the consideration expressed in a contract for the sale of the good will of a business. The parties were copartners, and the agreement for dissolution provided for the payment of a fixed sum on or before a certain day. That day had passed when the action was brought. The defendant, in his answer, set up certain affirmative defenses, calling for an accounting between the parties as to the profits of the business and the apportionment to be made thereof between the parties, by way of indicating that plaintiff had received more than his share thereof over and above the amount demanded in the complaint as the consideration for the transfer. This court has no equity jurisdiction to take and state an account between parties, and the rulings of the trial judge were in our opinion correct and proper. In an action for that purpose brought in a court of equity, full justice

72 N.Y.S.—70

could be done to any and all claims made by the defendant, and, if any injustice were done to him by the judgment in this action, he would have full remedy to correct the same. Under the agreement as it existed between the parties at the time of the commencement of this action, and the evidence as adduced upon the trial, the plaintiff's right to recover was absolute, and the direction of a verdict in his favor for the amount claimed was a determination of the issues with which we are not inclined to interfere. Judgment appealed from must therefore be affirmed, with costs. Judgment affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.

GOTT, Respondent, v. PARKER et al., Appellants. (No. 1.) (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by Fred A. Gott against Charles F. Parker & Co. No opinion. Order affirmed, with $10 costs and disbursements.

RUMSEY, J., not sitting.

GOTT, Respondent, v. PARKER et al., Appellants. (No. 2.) (Supreme Court. Appellate Division, Fourth Department. October 1, 1901.) Action by Fred A. Gott against Charles F. Parker & Co. No opinion. Order affirmed, with $10 costs and disbursements.

RUMSEY, J., not sitting.

GREENBAUM, Respondent, v. SCHULBERG et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Philip Greenbaum against Frank Schulberg and others. Henry L. Franklin, for appellants. Miles Rosenbluth, for respondent.

PER CURIAM. Reargument ordered at September general term, and appellants directed to insert in the printed case on appeal the order dismissing the indictment, offered in evidence and marked "Plaintiff's Exhibit B." If the original exhibit is lost, then the contents must be agreed upon and settled by the trial justice. Reargument ordered.

GREENWALD et al. v. WALES, Sheriff. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) Action by Joseph Greenwald, Albert Hildebrandt, Isaac Alderman, and Daniel Greenwald against Augustus G. Wales, as sheriff of Broome county.

PER CURIAM. Motion denied, upon condition that the appellant's attorney, within 20 days from the time that a copy of this order is served upon him, has completed the appeal by serving the necessary papers therein and paying to the respondents' attorneys $10 costs of this motion; otherwise, granted, with $10 costs.

GROB, Respondent, v. GOTTFRIED, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Abraham Grob against Elias Gottfried. J. Rieger, for appellant. H. Lesser, for respondent.

PER CURIAM. The evidence was conflicting, and the judgment of the court below was correct. Judgment affirmed, with costs.